UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

November 27, 2006

Amy J. Greer
Senior Trial Counsel
Securities and Exchange Commission
Mellon Independence Center
701 Market Street
Suite 2000
Philadelphia, PA 19106

Counsel to the Securities and Exchange Commission

Mr. Charles Zandford
420 Union Street
Milton, DE 19968

Pro Se Debtor

**Re: In re Charles Zandford**
**Case No. 05-13305**

Dear Counsel and Mr. Zandford:

This is with respect to the Debtor's Motion for Reconsideration (Doc. # 86.) filed subsequent to this Court's issuance of a letter ruling on July 18, 2006 denying the Debtor's petition to disallow the SEC's proof of claim.  (Doc. # 31.)

In the petition, the Debtor argued that the SEC's claim against him should be disallowed because the claim belongs to the Financial Management Service ("FMS") of the Treasury Department. The Debtor based this argument on 31 CFR § 900.1(a), which requires

an agency such as the SEC to "transfer to the Secretary [of the Treasury] any debt that has been delinquent for a period of 180 days or more so that the Secretary may take appropriate action to collect the debt or terminate collection action."  The Court denied the petition noting that 31 CFR § 900.8 makes clear that

> [t]he standards in this chapter do not create any right or benefit, substantive or procedural, enforceable at law or in equity by a party against the United States, its agencies, its officers, or any other person, nor shall the failure of an agency to comply with any of the provisions of parts 900-904 of this chapter be available to any debtor as a defense.

In his Motion for Reconsideration the Debtor renews his argument that the SEC's claim should be disallowed for failure to transfer the debt to FMS.  However, the Debtor fails to provide any coherent reasoning as to why this argument should prevail now, in light of the Court's reasoning in the July 18, 2006 letter ruling.

The Debtor urges the Court to view 31 CFR § 900.8 in two parts, claiming that the first part ("The standards in this chapter do not create any right or benefit, substantive or procedural, enforceable at law or in equity by a party against the United States, its agencies, its officers, or any other person") "applies to debts already subject to Federal debt collection procedures by Treasury," while the second part ("nor shall the failure of an agency to comply with any of the provisions of parts 900-904 of this chapter be available to any debtor as a defense") "applies to

Federal debt collection procedures governed by specific Federal agency statutes which supersede 31 CFR (Chapter IX and Parts 900, 901, 902, 903, and 904), and the DCIA." (Doc. # 86, p. 1.)  It is not clear what basis the Debtor has for dividing up the regulation, or what benefit this reading of the regulation provides for the Debtor.  In any event, statutory and regulatory language must be read in its context, without artificial divisions.  See Virgin Islands v. Blake, 118 F.3d 972, 977 (3d Cir. 1997) (ruling that statutory text "'is to be read as a whole . . . since the meaning of statutory language, plain, or not, depends on context'") (quoting Hudson United Bank v. Chase Manhattan Bank of Conn., 43 F.3d 843, 848 n.11 (3d Cir. 1994)).  The Court reads § 900.8 in its entirety as precluding the Debtor from receiving any procedural relief from the SEC's alleged failure to transfer the debt to FMS.

The Debtor cites to and attaches a directive from the Department of Veterans Affairs, which is exempted from the debt collection procedures outlined in 31 CFR § 900.1 *et seq.*, claiming that language from this directive makes 31 CFR § 900.8 inapplicable to the case at hand.  The debt collection practices of other agencies have no bearing on the Debtor's debt to the SEC.

In response to the Debtor's arguments concerning the SEC's alleged failure to assign the debt to FMS, the SEC has offered the declaration of Sally Tidwell, the Manager of the Debt Resolution Branch in the Debt Management Operations Center of FMS.

4

(Doc. # 87, attachment 1.)  Ms. Tidwell states that the SEC referred the debt owed by the Debtor to the Department of the Treasury on or about September 8, 2005.  (Id. at ¶ 9.)  The debt was immediately returned to the SEC because the referral documentation stated that the debt was subject to various interest rates and the computerized debt tracking program used by FMS was unable to accommodate such debts.[1]  (Id. at ¶ 10.)  It is not necessary to consider whether Ms. Tidwell's statements are true because regardless of whether the SEC transferred the debt to FMS, the SEC's claim should be allowed.  However, if Ms. Tidwell's statements are true—-and the Debtor has provided no factual evidence to indicate that they are not-—then the Debtor's argument for disallowance of the SEC's claim is not only legally deficient, but factually deficient as well.

The Debtor's Motion for Reconsideration is hereby **DENIED**.

Very truly yours,

Peter J. Walsh

---

[1] It does not matter that the transfer from the SEC to the FMS occurred more than 180 days after the debt became delinquent.  31 CFR § 900.1(a) states that debts that have been delinquent for "180 days *or more*" must be transferred to FMS.  The words "or more" clearly show that this regulation does not anticipate that all debts will be transferred exactly 180 days from the time they become delinquent.  According to Ms. Tidwell, "the Treasury routinely accepts for referral and collection debts that are substantially more than 180 days delinquent."  (Doc. # 87, attachment 1, ¶ 5.)